NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO GONZALEZ GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 22-1818 <br><br> Agency No. A206-350-673 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 23, 2026**
San Francisco, California

Before: SCHROEDER, CHRISTEN, and FORREST, Circuit Judges.

Antonio Gonzalez Gonzalez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming the

Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture (CAT). We deny the petition.

1. ***Exhaustion.*** We may not review a claim unless a petitioner has "exhausted all administrative remedies available." 8 U.S.C. § 1252(d)(1); *see Santos-Zacaria v. Garland*, 598 U.S. 411, 416–18, 421 (2023). Exhaustion requires that a petitioner identify their claim with enough precision to put the agency "sufficiently on notice so that it 'had an opportunity to pass on th[e] issue.'" *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (alteration in original) (quoting *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020)).

Gonzalez Gonzalez did not argue before the BIA a pattern-or-practice claim or raise his first, second, or fifth proposed particular social groups (PSG). Likewise, Gonzalez Gonzalez did not develop any legal argument before the BIA with respect to his sixth PSG. *See id.* We agree with the BIA that Gonzalez Gonzalez forfeited review of these issues. Because they are not exhausted, we do not address them here.

2. ***Asylum and Withholding of Removal.*** Where, as here, the BIA agrees with the IJ and adds additional reasoning, we review "both the BIA's decision and the portions of the IJ's decision adopted by the BIA." *Diaz v. Bondi*, 129 F.4th 546, 552 (9th Cir. 2025). We review the agency's factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We also review whether a PSG is socially distinct for substantial evidence. *Id.* at 1242. Under that standard, the "agency's findings of fact [are] conclusive unless any reasonable

adjudicator would be *compelled* to conclude to the contrary." *Edgar G.C. v. Bondi*, 136 F.4th 832, 842 (9th Cir. 2025) (internal quotation marks and citation omitted).

A petitioner may demonstrate an objectively reasonable well-founded fear of future persecution by showing that he belongs to a "disfavored group" and faces an individualized risk of persecution as a member of that group. *Lapadat v. Bondi*, 145 F.4th 942, 958 (9th Cir. 2025). "[A] general, undifferentiated claim . . . does not render [a petitioner] eligible for asylum." *Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007) (en banc). Instead, an asylum applicant must show that he faces a "unique risk of persecution . . . distinct from [his] mere membership in a disfavored group." *Id.* at 1180 n.5.

Here, the record does not compel the conclusion that Gonzalez Gonzalez "is more likely to be targeted for persecution . . . than any other" mentally disabled individual in Mexico. *Id.* at n.4. He credibly testified that he no longer takes medication to manage his mental health challenges and that he performs physically demanding work. Other evidence established that he is capable of "important daily activities," his physical difficulties are minor, and his cognitive limitations are "not readily observable." And the record shows that the IJ properly considered Gonzalez Gonzalez's country-conditions evidence as to the likelihood and degree of harm faced by the relevant disfavored group. *See Wakkary v. Holder*, 558 F.3d 1049, 1062 (9th Cir. 2009).

22-1818

Gonzalez Gonzalez argues that intervening caselaw renders his proposed PSG of "individuals with alcohol use disorders who exhibit erratic behavior" socially distinct such that we should remand. We disagree. A PSG is socially distinct where "evidence show[s] that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180–81 (9th Cir. 2021) (citation omitted). Social distinction "considers whether those with a common immutable characteristic are set apart, or distinct, from other persons within the society in some significant way." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (internal quotation marks and citation omitted). Here, neither Gonzalez Gonzalez's testimony nor his country-conditions evidence compels the conclusion that Mexican society views "individuals with alcohol use disorders who exhibit erratic behavior" as members of a distinct group. Our analysis is not changed by this court's decision in *Acevedo Granados v. Garland*, 992 F.3d 755 (9th Cir. 2021), which reaffirmed that whether a proposed PSG is socially distinct is a fact-bound inquiry. *See id.* at 763.

We conclude that substantial evidence supports the agency's determination that Gonzalez Gonzalez is ineligible for asylum, which also defeats his claim for withholding of removal.[1]

---

[1] Gonzalez Gonzalez also forfeited any challenge to the denial of his application for withholding of removal by not developing any argument related to

3.    *CAT Relief.* For relief under CAT, Gonzalez Gonzalez must demonstrate "a chance greater than fifty percent that he will be tortured if removed." *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022) (citation omitted). Where a theory of torture is based on a hypothetical chain of events, the agency must assess whether the evidence establishes that the links in the chain are "more likely than not to happen" and the likelihood "that the entire chain will come together to result in the probability of torture." *Id.* at 1156 (citation omitted). Separately, where a petitioner asserts a risk of torture from multiple sources, "the relevant inquiry is whether the *total* probability that the applicant will be tortured—considering all potential sources of and reasons for torture—exceeds 50 percent." *Id.* at 1154.

Gonzalez Gonzalez presented two theories of torture. The agency properly considered both theories, and "[t]here is no indication that [it] failed to 'tak[e] into account all possible sources of torture' where it expressly referenced both theories." *Park v. Garland*, 72 F.4th 965, 983 (9th Cir. 2023) (citation omitted).[2]

**PETITION DENIED.**

---

this claim in his Opening Brief. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021).

[2]The temporary stay of removal entered by the court is hereby lifted and Gonzalez Gonzalez's motions for a stay (Dkt. Nos. 3, 11) are DENIED.